Approved: _____
Daniel M. Loss
Assistant United States Attorney

Before:   THE HONORABLE PAUL E. DAVISON
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA          :   **COMPLAINT**

        - v. -                    :   Violations of
                                      21 U.S.C. § 841
JOSEPH BONJOVEY,                  :
                                      COUNTY OF OFFENSE:
                    Defendant.    :   DUTCHESS

- - - - - - - - - - - - - - - - - X

19m 2092

SOUTHERN DISTRICT OF NEW YORK, ss.:

VIOLET SYKU, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation, and charges as follows:

**COUNT ONE**

**(Distribution of a Controlled Substance)**

1.  On or about February 26, 2019, in the Southern District of New York, JOSEPH BONJOVEY, the defendant, intentionally and knowingly distributed and possessed with intent to distribute a controlled substance.

2.  The controlled substance that JOSEPH BONJOVEY, the defendant, distributed and possessed with intent to distribute, was mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).)

## COUNT TWO

### (Distribution of a Controlled Substance)

3. On or about February 28, 2019, at approximately 2:35 p.m., in the Southern District of New York, JOSEPH BONJOVEY, the defendant, intentionally and knowingly distributed and possessed with intent to distribute a controlled substance.

4. The controlled substances that JOSEPH BONJOVEY, the defendant, intentionally and knowingly distributed and possessed with intent to distribute, was mixtures and substances containing heroin.

(Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).)

## COUNT THREE

### (Possession with Intent to Distribute a Controlled Substance)

5. On or about February 28, 2019, at approximately 10:34 p.m., in the Southern District of New York, JOSEPH BONJOVEY, the defendant, intentionally and knowingly distributed and possessed with intent to distribute a controlled substance.

6. The controlled substances that JOSEPH BONJOVEY, the defendant, intentionally and knowingly distributed and possessed with intent to distribute, was mixtures and substances containing heroin.

(Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

7. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and I have been personally involved in the investigation of this matter. This Affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents and others, including officers with the New York State Police Department ("NYSPD") as well as my examination of reports and records. From this investigation, I have learned the following, among other things. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not

include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

8. Based on information provided by a confidential source ("CS"),[1] I have learned that, over the course of at least approximately seven months, between in or about July 2018 and in or about February 2019, the CS purchased, on average, at least 10 bags per day of a substance that she believed to be crushed oxycodone from JOSEPH BONJOVEY, the defendant, at an average price of approximately $30 per bag.

9. Based on my review of preliminary line sheets of communications intercepted pursuant to a consensual wiretap, I have learned, among other things, that, between on or about November 21, 2018 and on or about December 16, 2018, JOSEPH BONJOVEY, the defendant, made arrangements to meet the CS on numerous occasions.

10. Based on my participation in an unrelated investigation during which I met JOSEPH BONJOVEY, the defendant, on multiple occasions, I am aware that BONJOVEY drives a 2017 Toyota RAV4 with New York license plate number HVZ6155 (the "BONJOVEY Vehicle").

11. Based on my review of surveillance reports, I have learned that, on multiple occasions, including January 2, 2019 and January 25, 2019, the BONJOVEY Vehicle was observed in the driveway of the CS's residence in Hopewell Junction, New York.

12. Based on my review of surveillance reports, I have learned that, on or about January 4, 2019, between approximately 6:11 p.m. and 6:16 p.m., JOSEPH BONJOVEY, the defendant, was observed exiting the BONJOVEY Vehicle at a gas station in Fishkill, New York, entering a vehicle registered to the CS, existing the CS's vehicle, reentering the BONJOVEY Vehicle, and driving away from the gas station.

13. On or about February 26, 2019, I participated in a controlled purchase involving the CS, in which the following

---

[1] The CS has not been charged with a crime for her conduct in this case and is cooperating with law enforcement in the hopes of leniency.

took place, in substance and in part:

      a. In my presence and at the direction of law enforcement, the CS placed a call to JOSEPH BONJOVEY, the defendant, and asked to purchase about 100 bags. BONJOVEY agreed to the sale at a price of $3,000, but stated, in substance and in part, that he may need until Thursday – i.e., February 28, 2019 – to deliver the full amount.

      b. BONJOVEY met with the CS, who was outfitted with a recording device, at a location on the side of a street in Hopewell Junction, New York. The CS received 14 bags containing substances and paid BONJOVEY $300, representing 10 bags at a rate of $30/bag and four bags that the CS said BONJOVEY owed her from a prior transaction. The substances contained in one of the bags were later tested and were determined to contain heroin.

      c. During the meeting, BONJOVEY told the CS, in substance and in part, that he could deliver approximately 120-125 bags to her on Thursday – i.e., February 28, 2019 -- in exchange for $3,000.

      14. On or about February 28, 2019, I participated in a controlled purchase involving the CS, in which the following took place, in substance and in part:

      a. The CS and BONJOVEY exchanged text messages to make arrangements to meet.

      b. At approximately 2:35 p.m., BONJOVEY met with the CS, who was outfitted with a recording device, at a location on the side of a street in Hopewell Junction, New York. The CS received from BONJOVEY 15 bags containing substances. The substances in one of the bags were later tested and were determined to contain heroin.

      c. During the meeting, the CS gave BONJOVEY $2,300 in cash. BONJOVEY stated, in substance and in part, he would have more than 100 additional bags for the CS that evening and that the CS could pay an additional amount owed by check.

      d. Between approximately 6:13 p.m. and 6:19 p.m., the CS exchanged text messages with BONJOVEY in which they arranged to meet at about 7:15 p.m.

e. At approximately 7:30 p.m., the CS, who was outfitted with a recording device, met BONJOVEY. The CS paid BONJOVEY $700 in cash. BONJOVEY told the CS, in substance and in part, that he would be back with 150 bags by 10:00 p.m. and the CS could pay the balance owed at that time.

f. At approximately 10:09 p.m., the CS participated in a recorded telephone call with BONJOVEY in which BONJOVEY stated, in substance and in part, that he was about 20 minutes away.

g. At approximately 10:15 p.m., BONJOVEY sent a text message to the CS asking, "You have another 1500 right." The CS replied, "Yes."

15. Based on information provided by the NYSP, I have learned that, on or about February 28, 2019, at approximately 10:34 p.m., the NYSP stopped the BONJOVEY Vehicle, which was being driven by JOSEPH BONJOVEY, the defendant, in the vicinity of Exit 11 of I-84 East, in Fishkill, New York. Officers found 15 bundles containing approximately 150 glassine bags inside an umbrella in the BONJOVEY Vehicle. The substances contained one of the glassine bags were subsequently tested and determined to contain heroin.

16. After being placed under arrest and being read his *Miranda* rights, JOSEPH BONJOVEY, the defendant, stated in substance and in part, the following:

a. Over the past 3-4 months, he distributed up to about 12 bags of heroin per day to the CS and the CS's husband, for which BONJOVEY received payments.

b. At the time his vehicle was stopped, he was en route to bring about 90 bags of heroin to the CS.

c. He received $700 from the CS as partial payment for the 90 bags and expected to receive another $700 from her when they met.

WHEREFORE, deponent respectfully requests that JOSEPH BONJOVEY, the defendant, and be imprisoned or bailed, as the case may be.

_____
VIOLET SYKU
Special Agent
Federal Bureau of Investigation

Sworn to before me this
1st day of March, 2019

_____
THE HONORABLE PAUL E. DAVISON
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK